357 P.2d 654

**IDAHO PORTLAND CEMENT COMPANY, a Corporation, Plaintiff-Appellant,**

**v.**

**P. G. NEILL, as Tax Collector of the State of Idaho, and the Idaho State Tax Commission, Defendants-Respondents.**

Nos. 8882, 8883.

Supreme Court of Idaho.

Dec. 21, 1960.

Carey H. Nixon, Boise, and R. E. Lowe and George T. Shields, Spokane, Wash., for appellant.

Frank L. Benson, Atty. Gen., Robert E. Bakes and Will S. Defenbach, Asst. Attys. Gen. of the State of Idaho, for respondents.

SMITH, Justice.

References to Idaho Code, Title 63, ch. 30, enacted as Idaho Sess.Laws 1931 (Ex. Sess.), ch. 2, known as the Property Relief Act of 1931, are to such act and amendments as the same existed during the pendency of the two proceedings herein, and prior to repeal and reenactment thereof by Idaho Sess.Laws 1959, ch. 299.

Idaho Portland Cement Company is referred to as the Company; P. G. Neill, Tax Collector of the State of Idaho, as the Collector, and Idaho State Tax Commission as the Commission.

The two proceedings were heard in the district court on a stipulation of facts.

Appellant (plaintiff) Company commenced a declaratory judgment action, involved in appeal No. 8882, against respondent (defendant) Collector, for determination of two controversies; first, whether appellant is entitled to a deduction from its gross income for depletion on a percentage basis of its natural deposit of calcium carbonate, in computing its taxable income under I.C., Title 63, ch. 30, the Property Relief Act of 1931; and second, whether the Company is subject to taxation under I.C., Title 47, ch. 12, of the Mines License Tax law.

The other appeal, No. 8883, seeks to review a determination by respondent Commission of the Company's alleged tax deficiencies for the years 1953, 1954, and 1955, following the Collector's disallowance of the Company's deductions of claimed depletion, on a percentage basis of gross income, of its natural deposit of calcium carbonate, during those years.

The trial court entered judgment in the action which resulted in appeal No. 8882, adjudging that the Company is not entitled to a deduction from gross income on the basis of percentage depletion of its natural deposit; also adjudging that the Company is not subject to payment of a Mines License Tax. The Company then moved for a new trial from that portion of the judgment adjudging that it was not entitled to such deduction from its gross income, which motion the trial court denied.

The judgment entered in the action which resulted in appeal No. 8883, adjudges that the Company is not entitled to a deduction from gross income on the basis of percentage depletion; and affirms the deficiency tax determinations of the Commission and the Collector with respect to the Company's income for the years 1953, 1954, and 1955; and adjudges the Collector entitled to recover such tax deficiencies from the Company. The court, in due course, denied the Company's motion for a new trial.

Appeals in both cases were perfected from the portions of the judgments adjudg-

ing that the Company is not entitled to the claimed deduction from gross income; also from the orders denying the Company's motions for new trials.

The two appeals have been consolidated for disposition.

Assignments of error raise the questions whether, under I.C., Title 63, ch. 30, the Company is entitled to a deduction from its gross income for depletion on a percentage basis of its natural deposit of calcium carbonate; and whether the court erred in affirming the Collector's determinations of tax deficiencies, in respect to the Company's income, for the years 1953, 1954, and 1955, and in awarding judgment therefor against the Company, in favor of the Collector.

The Company rests its claim for such claimed deduction upon I.C. § 63–3032(8), which reads in part:

"In computing the net income of a corporation subject to the tax imposed by section 63–3028 there shall be allowed as deductions:

\* \* \* \* \* \*

"8. In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the commissioner and in the case of mines, oil and gas wells, to be in accordance with paragraphs 1 and 2 under subdivision C of section 63–3007. \* \* \*."

Subdivision c of I.C. § 63–3007, in its introductory matter, reads in part as follows:

"c. The basis upon which depletion, \* \* \* is to be allowed *in respect of any property* shall be the same as is provided in subdivision a or b, for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that:" (Emphasis supplied.)

and then follows the exceptions contained in subparagraphs 1 and 2 of subdivision c which make *specific provisions* for deductions from gross income, of depletion on a percentage basis, *only* in the cases of coal mines, metal mines, sulphur mines and deposits, and oil and gas wells, and none other.

It is thus clear that the basis upon which depletion is to be allowed, *in respect to any property* not specifically excepted from the operation of subparagraphs 1 and 2 of subdivision c of I.C. § 63–3007, must be governed by subdivisions a and b of such section of the statute, which is on the basis of the cost of the property if acquired after July 30, 1931, or the fair market value if acquired before that date.

We are therefore of the view that there is no conflict as between the provisions of the statute under consideration here, i. e., I.C. § 63–3032(8) and the introductory paragraph of I.C. § 63–3007(c) which provides the basis of cost, or fair market value, upon which depletion is to be allowed with respect to any property; and the exceptions thereto, contained in I.C. § 63–3007(c) (1) and (2), which provide that in the case of coal mines, metal mines, sulphur mines and deposits, and oil and gas wells, the allowance for depletion shall be on the basis of percentage of gross income.

While the parties stipulated that calcium carbonate, with additives, is used in the manufacture of Portland cement and has no market value when excavated in the form of the crude mineral product, nevertheless, respondent does not contend that the company's property holdings of calcium carbonate deposits do not have value, or that the company is not entitled to depletion on the basis of cost, or fair market value, of such property.

Appellant contends, because of the directive of I.C. § 63–3032(8) that "reasonable allowance" in the case of mines, and oil and gas wells, shall "be in accordance with paragraphs 1 and 2 under subdivision C of section 63–3007", that therefore the basis upon which deduction is provided by I.C. § 63–3007(c) for depletion to be allowed in respect to any property on the basis of cost, or fair market value, is not applicable to its calcium carbonate deposit. This Court rejected a similar argument in the case of John Hancock Mutual Life Insurance Co. v. Neill, 79 Idaho 385, 396, 319 P.2d 195, 199, ruling:

"Plaintiffs object to consideration or application of § 63–3019 because its provisions are not applicable to insurance companies and that the particular sections defining net income of life insurance companies, §§ 63–3040 and 63–3041, are controlling. We recognize the rule that a particular statute, in case of conflict or inconsistency, controls over a general statute. Here, however, there is no inconsistency or conflict between the two sections. The applicable rule is that the entire act and all of its provisions are to be construed as a whole in determining legislative intent. [Citations.] The act itself is replete with cross references from one section to another, evidencing the intent of the legislature that it should be construed as a whole. In fact, the legislature made the provisions of § 63–3019 applicable to life insurance companies by the use of the words 'any corporation subject to tax under this chapter.' 'This chapter' includes sections 63–3040 and 63–3041, defining gross and net income of life insurance companies. Session Laws 1931 (E.S.) Chap. 2, §§ 37, 38, p. 40, and Session Laws 1933, Chap. 159, §§ 7, 15."

We deem it unnecessary to discuss appellant's further contentions.

The judgments of the district court in the actions involved in the two appeals, Nos. 8882 and 8883, herein, are affirmed. No costs allowed.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.